UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HELM, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 2304 |
| v. | ) | |
| | ) | Judge Shadur |
| MARY E. PETERS, Secretary of the Department of Transportation, | ) | |
| | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

## ANSWER

The defendant, Mary E. Peters, Secretary of the Department of Transportation ("DOT"), by her attorney, Patrick J. Fitzgerald, U.S. Attorney for the Northern District of Illinois, answers the complaint as follows:

### AS FOR A FIRST CAUSE OF ACTION
### (Title VII-RACE DISCRIMINATION)

### NATURE OF ACTION

**Complaint ¶ 1.**   This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991, 42 U.S.C. 2000 et. seq., against the Defendant MARY E. PETERS, SECRETARY OF THE DEPARTMENT OF TRANSPORTATION (DOT) having subjected Plaintiff, HELM to racial discrimination by failure to treat him the same as other non-Native-American employees despite William Helm's repeated complaints about same.

**Answer:**   Admit that Helm brings this action against the U.S. Secretary of the Department of Transportation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*  Deny that Helm was subjected to racial discrimination by failure to treat him the same as other non-Native-American employees despite his repeated complaints about same.

## JURISDICTION AND VENUE

**Complaint ¶ 2.**   Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. & [sic] 1331, 1337, 1343, and 1345.   Venue is proper in this District under 28 U.S.C. Section 1391 (5). The employment practices hereafter alleged to be unlawful were, at all relevant times, and are still being committed in the Northern District of Illinois, Eastern Division.

**Answer:**   Admit jurisdiction under 28 U.S.C. § 1331 (federal question arising under U.S. laws).   Deny jurisdiction under 28 U.S.C. § 1337 (commerce and antitrust regulations), 28 U.S.C. § 1343 (civil rights and elective franchise) and 28 U.S.C. § 1345 (United States as plaintiff).   Admit that venue is proper.   Deny that the employment practices alleged to be unlawful were, at all relevant times, and are still being committed in the Northern District of Illinois, Eastern Division.

## PARTIES

**Complaint ¶ 3**.   HELM is an adult person and a resident of Peachtree City, Georgia, however at all relevant times, HELM was a employee with DOT within the Northern District of Illinois.

**Answer:**   Admit.

**Complaint ¶ 4.**   HELM is an employee of FEDERAL AVIATION ADMINISTRATION (FAA), which is a Department of DOT.

**Answer:**   Admit.

**Complaint ¶ 5.**   At all times relevant, DOT, has been and is a Federal Agency of the Government and MARY E. PETERS, is the Secretary of Transportation of DOT.

**Answer:**   Admit.

**Complaint ¶ 6.**   DOT is an employer as that term is defined under the Civil Rights Act of 1964 as amended in 1991, at all times material to the allegations herein.

**Answer:**   Admit.

## STATEMENT OF CLAIMS

**Complaint ¶ 7.**   HELM repeats and realleges each and every allegation set forth above with the same force and effect as more fully set forth herein.

**Answer:**   DOT repeats its answers to each and every allegation set forth above with the same force and effect as more fully set forth herein.

**Complaint ¶ 8.**   HELM is being discriminated against based upon Race and treated differently than others, includes but is not limited to, the following events:

I.   Forced reassignment-race, national origin/Native-American (December 2005)
Denied relocation assistance/Native-American (December 2005)

II.   Denied the opportunity to "swap' [sic] with fellow co-workers-race, national origin/National American (April 2006 & October 2006)

III.   Hostile Work Environment (October 2006)-national origin/Native American

IV.   Unequal terms of employment (forced to continue his work responsibilities while on a detail to another department)-race, national origin/Native American

V.   Denied a letter illustrating his detail with another department/race, national origin/Native American

**Answer:**   Deny.

**Complaint ¶ 9.**   Defendant by its action or actions of its agents, caused and created a hostile work environment which unreasonably interfered with the terms and conditions of HELM'S employment and HELM's performance in his job and created a racially hostile and offensive work environment.  All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as mended by inter alia the Civil Rights Act of 1991.

**Answer:**   Deny.

**Complaint ¶ 10.**   By reason of the racial discrimination of Defendant, HELM has suffered a great pain, humiliation and mental anguish, all to his damage.

**Answer:**   Deny.

**Complaint ¶ 11.**   Further, said action on the part of the Defendant was done with malice and reckless disregard for HELMs' [sic] protected rights.

**Answer:**   Deny.

**Complaint ¶ 12.**   HELM has no adequate remedy at law to secure relief.  If this court does not enter an order for Defendant to accommodate HELM, HELM will be irreparably injured.

**Answer:**   Deny.

**Complaint ¶ 13.**   HELM filed a discrimination charge against Defendant with the Equal Employment Opportunity (EEO).  That charge was timely fled, under the procedures set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C. A. 6 2000e-5(e).

**Answer:**   Admit.

**Complaint ¶ 14.**   On February 11, 2008, HELM received notice from the EEO of her [sic] right to bring this action (see Exhibit "A"), and HELM timely filed this action.

**Answer:**   Lack knowledge or information sufficient to form a belief as to the truth of the statement that on February 11, 2008, Helm received notice from the EEO of his right to bring this action.  Admit that Helm timely filed this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Title VII-NATIONAL ORIGIN DISCRIMINATION)

### Nature of the Action

**Complaint ¶ 15.** This is an action under Title VII of the Civil Rights Act of 1964 and as amended by <u>inter alia</u>, the Civil Rights Act of 1991, for the Defendant, DOT having subjected HELM, to nationality discrimination by failure to treat him the same as other non-Alaskan-Native employees despite HELM's repeated complaints about same.

**Answer:** Admit that Helm brings this action under Title VII. Deny that DOT subjected Helm to nationality discrimination by failure to treat him the same as other non-Alaskan-Native employees despite his repeated complaints about same.

**Complaint ¶ 16.** HELM repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

**Answer:** DOT repeats its answers to each and every allegation set forth above with the same force and effect as more fully set forth herein.

**Complaint ¶ 17.** Defendant by its action or actions of its agents, caused and created a hostile work environment which unreasonably interfered with the terms and conditions of HELM's employment and HELM [sic] performance in his job and created discrimination based upon nationality and a hostile and offensive work environment. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by <u>inter alia</u> the Civil Rights Act of 1991.

**Answer:** Deny.

**Complaint ¶ 18.** By reason of the national origin discrimination of Defendant, HELM has suffered great pain, humiliation and mental anguish, all to his damage.

**Answer:** Deny.

**Complaint ¶ 19.**   Further, said action on the part of the Defendant was done with malice and

reckless disregard for HELMs' [sic] protected rights.

**Answer:**   Deny.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:  s/ Jack Donatelli
      JACK DONATELLI
      Assistant United States Attorney
      219 South Dearborn Street
      Chicago, Illinois 60604
      (312) 353-4220
      jack.donatelli@usdoj.gov